UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| BRENDON QUILES,<br><br>    Petitioner,<br><br>    v.<br><br>JAMES ROBERTSON,<br><br>    Respondent. | Case No. 22-cv-03495-LB<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Brendon Quiles, an inmate at Pelican Bay State Prison, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He paid the filing fee and consented to proceed before a magistrate judge. (ECF Nos. 1, 4.)[1] His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. This order requires the respondent to respond to the petition.

## STATEMENT

Mr. Quiles provides the following information in his habeas petition and attachments thereto. Following a jury trial, he was convicted in Santa Clara County Superior Court of murder. (ECF

---

[1] Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 22-cv-03495-LB

1  No. 1 at 1–2.) On March 23, 2018, he was sentenced to a term of life without the possibility of
2  parole. (*Id*. at 1.)
3  Mr. Quiles appealed. In 2018, the California Court of Appeal affirmed the conviction. In 2021,
4  the California Supreme Court denied his petition for review. (*Id*. at 3.)

## ANALYSIS

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

This federal petition for writ of habeas corpus alleges the following claims. First, Mr. Quiles alleges that his rights were violated because the jury was not instructed with California Criminal Jury Instruction No. 703. (ECF No. 1 at 12.) Second, he alleges that the trial court erred by admitting improper evidence regarding the time of the shooting. (*Id.* at 25.) Third, he alleges that the prosecutor engaged in misconduct. (*Id.* at 33.) Fourth, he alleges that the cumulative effect of these errors violated his due process rights. (*Id*. at 44.) Liberally construed, these claims are cognizable in a federal habeas action and warrant a response.

## CONCLUSION

For the foregoing reasons,

1. The petition warrants a response.

2. The clerk shall electronically serve a copy of this order and a Magistrate Judge Jurisdiction Consent Form upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The petition and any exhibits thereto are available via the ECF system for the Northern District of California. The clerk also shall serve by mail a copy of this order on the petitioner.

3. The respondent must file and serve upon the petitioner, on or before **September 29, 2022,** an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases,

showing cause why a writ of habeas corpus should not be issued. The respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petitioner.

4. If the petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on the respondent on or before **November 7, 2022.**

5. The petitioner is responsible for prosecuting this case. The petitioner must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. The petitioner is cautioned that he must include the case name and case number for this case on the first page of any document he submits to the court for consideration in this case.

**IT IS SO ORDERED.**

Dated: July 15, 2022

LAUREL BEELER
United States Magistrate Judge